IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 6 2009

GREGORY C. LANGHAM
CLERK

Civil Action No.  '09 - CV - 0 0 0 6 9

MONTGOMERY CARL AKERS,
 Applicant,

v.

MICHAEL MERRILL (Chaplain),
 Respondent.

---

## ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION AND DISMISSING THE ACTION

---

Applicant Montgomery Carl Akers has submitted to the Court *pro se* a "Motion

for Leave to File Civil Petition in the United States District Court/District of Colorado by

the Applicant Montgomery Carl Akers" and an "Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241." The Clerk of the Court will be directed to commence a

civil action. For the reasons stated below, the action will be dismissed.

Mr. Akers is subject to a sanction order that restricts his ability to file *pro se*

actions in this court. *See Akers v. Sandoval*, No. 94-B-2445 (D. Colo. June 20, 1995);

*aff'd*, 100 F.3d 967 (10th Cir. 1996). In 94-B-2445, Mr. Akers was

> enjoined and prohibited from initiating any civil action in the
> United States District Court for the District of Colorado
> without representation by an attorney licensed to practice in
> the State of Colorado or duly admitted to practice in the
> United States District Court for the District of Colorado
> unless he first obtains leave of court to proceed pro se.

*Id*. at 3. Mr. Akers is not represented by an attorney. Although Mr. Akers has filed a

motion seeking leave of court to proceed *pro se*, that motion will be denied.

The Court finds that the motion seeking leave to proceed *pro se* must be denied for two reasons. First, the motion seeking leave to proceed *pro se* must be denied because Mr. Akers has failed either to pay the filing fee for this action or to file a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Mr. Akers does state in a cover letter that the filing fee will be paid by a third party after a case number is assigned to this action. However, at this time, the Court is not in receipt of either the filing fee or a properly supported motion seeking to proceed without prepayment of the filing fee.

The Court also finds that the motion seeking leave to proceed *pro se* must be denied because Mr. Akers improperly is attempting to assert claims challenging the conditions of his confinement in a habeas corpus action. Mr. Akers has been advised by the Court previously that he may not assert claims challenging the conditions of his confinement in a habeas corpus action pursuant to 28 U.S.C. § 2241 because such claims do not challenge the execution of his sentence. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). Mr. Akers may not avoid the $350.00 filing fee for a civil action pursuant to 28 U.S.C. § 1914(a) by asserting conditions of confinement claims in a habeas corpus action. Accordingly, it is

ORDERED that the clerk of the Court commence this civil action. It is

FURTHER ORDERED that the "Motion for Leave to File Civil Petition in the United States District Court/District of Colorado by the Applicant Montgomery Carl Akers" is denied. It is

2

FURTHER ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice.

DATED at Denver, Colorado, this 14 day of January, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. **'09 - CV - 00069**

Montgomery Carl Akers
Reg. No. 02866-081
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on___ *1-15-09*___

GREGORY C. LANGHAM, CLERK

By:_____
          Deputy Clerk